## ATTACHMENT A

### STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

On July 8, 2018, at approximately 3:26 a.m., the Defendant, **MARTREL RAYSHARD REEVES** ("**REEVES**"), was driving a black Dodge Charger with a female passenger. **REEVES** was traveling on Medical Center Drive in Upper Marlboro, Maryland, at a slow rate of speed. The windows of **REEVES'** black Dodge Charger were illegally tinted. Law enforcement executed a traffic stop on the vehicle.

**REEVES** provided his name and informed law enforcement that he did not have a driver's license or other identification. Law enforcement ran a check on **REEVES'** driving record and determined that **REEVES'** license was suspended. **REEVES** was asked to step out of the vehicle and law enforcement observed that **REEVES** had the odor of marijuana on his person and the smell of alcohol on his breath. A search of **REEVES'** black Dodge Charger revealed **REEVES'** black bag with a number of distinctive patches. Within **REEVES'** bag, law enforcement recovered one Glock-type pistol, unknown manufacturer, .40 S&W caliber pistol ("Glock-type pistol"). The Glock-type pistol was loaded with ten rounds of .40 S&W caliber ammunition in the magazine and one round of .40 S&W caliber ammunition in the chamber. When law enforcement proceeded to place **REEVES** and the female passenger in custody, **REEVES** spontaneously admitted that the firearm belonged to him.

**REEVES** was arrested and transported to Prince George's County Police Department, District 2 Station, where **REEVES** was advised of his *Miranda* rights. **REEVES** acknowledged that he understood his *Miranda* rights, and **REEVES** admitted that the firearm recovered from the black Dodge Charger belonged to him.

The Glock-type pistol was test-fired and found to function as a firearm pursuant to 18 U.S.C. § 921(a)(3)(A). The principal parts of the Glock-type pistol were manufactured outside of Maryland and travelled in interstate commerce prior to their recovery in Maryland on July 8, 2018. To wit, the lower assembly—a principal part of the Glock-type pistol—was manufactured in Dayton, Nevada, by Polymer80, Inc., and therefore travelled in interstate commerce prior to its recovery in Maryland. Additionally, the Glock-type pistol's slide assembly, trigger assembly, and mounting pin—additional principal parts of the Glock-type pistol—were manufactured by Glock, Inc., either in the State of Georgia or the Country of Austria, and therefore travelled in interstate or foreign commerce prior to their recovery in Maryland. Separately, **REEVES'** possession of the Glock-type pistol affected interstate commerce. Finally, the .40 S&W caliber ammunition were manufactured outside of Maryland and travelled in interstate commerce prior to their recovery in Maryland on July 8, 2018.

Rev. August 2018

Prior to possessing the firearm and ammunition on July 8, 2018, **REEVES** had, and knew that he had, previously been convicted of a crime punishable by imprisonment for a term exceeding one year and his civil rights had not been restored.

SO STIPULATED:

Rajeev R. Raghavan
Erin B. Pulice
Assistant United States Attorneys

Martrel Rayshard Reeves
Defendant

Glenn F. Ivey, Esq.
Counsel for Defendant

Rev. August 2018

10